# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ELBRYAN DEAMBRE NEAL,<br>    Plaintiff,<br><br>vs.<br><br>DAVID PRATER,<br>District Attorney for the Seventh<br>Judicial District of Oklahoma; and<br>in his individual capacity<br>    Defendant. | Case No. CIV-19-277-SLP |

## CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983

COMES NOW the Plaintiff, ELBRYAN DEAMBRE NEAL, ODOC # 500033, a State prisoner, through his attorney of record, Debra K. Hampton, and submits a Civil Rights Complaint against the above-named Defendant. The Plaintiff alleges and states as follows:

**I.    JURISDICTION AND VENUE**

1.    The cause of this action is brought under 42 U.S.C. § 1983 with this Court having jurisdiction under 42 U.S.C. § 1331 and 28 U.S.C. §§ 1343. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over state law claims asserted herein. Also, under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq

2.    Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## II. PREVIOUS FEDERAL CIVIL ACTIONS OR APPEALS

The Plaintiff has not previously filed any other actions in Federal Court for a Civil Rights Complaint under § 1983. The Plaintiff has filed a civil action seeking habeas relief in this Court.

## III. THE PARTIES TO THIS COMPLAINT:

**A.** The Plaintiff, ELBRYAN DEAMBRE NEAL, ODOC # 500033, is a state prisoner, who currently resides at the Cimarron Correctional Facility, 3200 S. Kings Highway, Cushing, OK 74023.

**B.** The Defendant, David Prater, District Attorney for the Seventh Judicial District of Oklahoma, and in his individual capacity was working under color of State law at the time the allegations arose. *West v. Atkins*, 487 U.S. 42 (1988). The Defendant is a resident of the State of Oklahoma.

## IV. STATEMENT OF THE CASE

Plaintiff, represented by counsel, was tried by jury and convicted of the following crimes, as charged in the above-referenced case: Conspiracy to Commit Robbery with a Firearm (Count 1); Attempted Robbery with a Firearm (Count 2); Kidnapping (Count 5); Burglary in the First Degree (Count 8); and Assault with a Dangerous Weapon (Count 9). On December 5, 2014, the Honorable Donald L. Deason, who presided over trial, sentenced Plaintiff in accordance with the jury's verdict to ten (10) years imprisonment for each Counts 1 and 9, life imprisonment for Count 2, twenty (20) years imprisonment for each Counts 5 and 8 and ordered the sentences to be served consecutively. The Court of Criminal Appeals affirmed Plaintiff's Judgment and Sentence. *Neal v. State*, F-2014-1035 (April 29, 2016) (not for pub.).

On October 2, 2017, Plaintiff, through the undersigned filed a Motion for DNA Testing requesting forensic testing of DNA evidence that was collected from a cell phone that was allegedly touched by Plaintiff. On December 1, 2017, the State filed a Response to the Motion for Post-Conviction DNA Testing. On December 11, 2017, Plaintiff filed a Supplemental Motion specifically requesting DNA testing of the Samsung cell phone collected from the victim's vehicle.

On December 7, 2018, Plaintiff filed an appeal [Exhibit 3] to the OCCA from the denial in the district court. On March 8, 2019, the OCCA issued an Order affirming the denial of DNA testing. [Exhibit 2].

V.     STATEMENT OF FACTS

Jennifer Harjo, a victim, was the general manager at Genghis Grill in Northwest Oklahoma City on the date of the alleged offense. [Tr. II 42]. Ms. Harjo testified she left the restaurant around 11:00 p.m. and drove to her home in Edmond, OK. [Tr. II 44]. Her mother, sister and nephew were at the house. After arriving home, Ms. Harjo was getting something to eat in the kitchen when the front door was kicked open prompting her mother to scream. [Tr. II 45]. A black man yelled "get down", and she saw a gun. [Tr. II 46]. She got down on her knees with her head down and her hands up in the air. The man had on a red pair of shoes. The man told her he wanted "the money." Ms. Harjo tried to get money out of her wallet but the money he wanted was from the restaurant. [Tr. II 47-48]. He did not take the $30.00 she tried to give him. [Tr. II 48]. Ms. Harjo left the house with the man with a gun and took her blue Mini-Cooper back to Genghis Grill. [Tr. II 50-1].

While they drove through the apartment complex the gunman used his cellphone to get ahold of the other man still at Harjo's house. [Tr. II. 61]. Harjo was able to jump from the Mini-Cooper. Later a cell-phone not belonging to Harjo was found in the Mini-Cooper. [Tr. II. 72-73, 209]. [State's exhibit 37]. This was a black Samsung cell phone containing biological evidence.

Campbell Ruddick from the Oklahoma City Police Department DNA lab testified he developed a usable profile from a sample taken from an interior passenger door of the Mini-Cooper. [Tr. II 191-192]. That profile belonged to a man but did not match the Plaintiff's DNA profile. [Tr. II 193]. Plaintiff argues the probability the sample taken from Ms. Harjo's car and the biological material obtained in the cell phone will conclusively establish who committed the offense.

Harjo testified that she tried not to look at the man with the gun. [Tr. II 74]. The night of her abduction, Ms. Harjo told police the gunman was a tall, black man with a mustache. [Tr. II. 79]. She further told police she did not get a good look at him. [Tr. II 79]. The only thing she told police about what the assailant was wearing, was that it was dark clothing. [Tr. II 79]. At preliminary hearing, she testified that she looked at his eyes for a split second. [P. Tr. 14]. She testified that she looked at his eyes for one or two seconds. [Tr. II. 86]. Based on observing the gunman's eyes for a split-second Harjo identified Mr. Neal as the perpetrator of these crimes. [Tr. II. 5] Plaintiff denied any involvement in this incident and gave an alibi for the night it occurred. [Tr. II 203]. Mr. Gordon with Oklahoma City Police Department examined the data from two phones, including the black Samsung and the co-defendant's black iPhone. Gordon identified a call

4

made from the black Samsung to the Plaintiff's mother's phone number [obtained by Detective Guthrie]. [Tr. III 49].

The Plaintiff's sister, Eldanae Neal, testified to support the alibi that the Plaintiff had discussed with Detective Guthrie during his custodial interview, which did not support Mr. Gordon's testimony the Plaintiff's phone had been used at 11:26 p.m. to contact Liberty or even call Liberty. Ms. Neal testified that on February 16, 2013, she had a date and left her mom's house around 6:00 p.m. [Tr. III 85]. Her brother was at the house when she left. [Tr. III 86]. When she returned Mr. Neal was outside in front of their house. Ms. Neal introduced her brother to her date. After her date left Mr. Neal and his sister went into the house and watched television. [Tr. III 86]. She recalled that she went to bed sometime between midnight and 1:00 a.m. Mr. Neal was home the entire time she was there. [Tr. III 87].

VI.    GROUND I:

**PLAINTIFF'S FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS WAS VIOLATED FOR REFUSING TO PROVIDE DNA TESTING HE REQUESTED WHICH RESULED IN THE CONSTITUTIONAL INADEQUACY OF ACCESS TO DNA EVIDENCE.**

VII.    **FACTS ENTITLING PLAINTIFF TO RELIEF**[1]

Plaintiff applied for post-conviction relief in state court requesting forensic "DNA" deoxyribonucleic acid testing of biological material secured in the investigation, that was

---

[1] Fed. R. Civ. P. 8 (a)(2) only requires a short and plain statement of the claim showing that the pleader is entitled to relief;

not tested, under 22 O.S. 2013 §1373.[2] Plaintiff also attached a Sworn Affidavit asserting he is seeking DNA testing to establish he is "factually innocent." The state district court found Plaintiff to be eligible to petition for DNA testing under 22 O.S. § 1373.2. Plaintiff sought three items of evidence for DNA testing:

    (1) DNA evidence collected from the Samsung cell phone;

    (2) the Samsung cell phone[3] itself (for DNA analysis); and [Exhibit 1[4]]

    (3) a swab taken from a seat lever in the victim's car.

The District Court determined neither the Samsung phone, nor the seat lever were ever swabbed for DNA. Plaintiff argued in state court because the Samsung phone still exists, DNA can be obtained from that evidence. The Court found the items that Plaintiff wanted to test were non-existent items and denied his request. This denial was a violation of his constitutional rights to due process. Plaintiff argued that biological evidence can be obtained from this cell phone with the state court finding there was no sample taken from the phone and the statute did not allow testing of inanimate objects this ruling was unconstitutional infringing upon the Fourteenth Amendment. Further, pursuant to 22 O.S.2013 § 1373.1(1) under the "Post-Conviction DNA Act" defines terms ***"Biological material"*** as follows:

    1.    ***"Biological material"*** means the contents of a sexual assault evidence collection kit **as well as any item** that contains or includes blood, semen, hair, saliva, skin tissue, fingernail scrapings or parings, bone, bodily fluids or other identifiable biological material that was collected as part of the

---

[2] "Post-Conviction DNA Act."
[3] The phone is presently in the custody of the Oklahoma City Police Department. (See State's Exh. 3, Item #9).
[4] District Court Order denying post-conviction DNA testing.

6

criminal investigation or may reasonably be used to incriminate or exculpate any person for an offense and that *may be suitable for forensic DNA testing*. This definition applies whether the material was catalogued separately including, but not limited to, on a swab, a slide or *on any other evidence*;

Plaintiff's challenge is attacking the constitutionality of Oklahoma's post-conviction DNA testing statutes and the adequacy of access to biological material. See Okla. Stat. tit. 22 §§ 1373-1373.7. A federal challenge to the adequacy of state-law procedures for post-conviction DNA testing is not within the "limited grasp" of the *Rooker-Feldman*[5] doctrine. See *Skinner v. Switzer*, 562 U.S. 521 (2011).

Plaintiff argues with the State Court finding that he was eligible to petition for DNA testing also raises constitutional concerns to Oklahoma's DNA testing statute pursuant to 22 O.S.2013 § 1373.2(B)(1) under Eligibility and Procedures for Post-Conviction DNA Testing which provides:

> B. A convicted person may request forensic DNA testing of any biological material secured in the investigation or prosecution attendant to the conviction that:
>
> 1. Was not previously subjected to DNA testing; or
>
> 2. Although previously subjected to DNA testing, can be subjected to testing with newer testing techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous DNA test.

The fact there is a Samsung phone that contains biological material, this evidence was secured in the investigation and § 1373.1(1) would permit Plaintiff to have that evidence analyzed. § 1373.2(B) also gives an entitlement to DNA testing. Further, to show

---

[5] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

entitlement to relief, Plaintiff must first demonstrate that state law created a liberty interest in demonstrating innocence with new evidence. See *Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 68 (2009). A liberty interest has been established under 22 O.S. § 1373.5(A) as "it allows for the vacation of a conviction, or other appropriate relief, upon a showing of favorable DNA test results" because this statute creates a liberty interest in demonstrating innocence with new evidence. *Osborne*, 557 U.S. at 68. See *Wilkinson v. Dotson*, 544 U.S. 74 (2005).

Plaintiff is not attacking his conviction only the inadequacy of access to DNA evidence. As required by 22 O.S. § 1373.4, the sentencing court shall hold a hearing to determine whether Plaintiff's request for DNA forensic testing will be ordered. After the State Court found that the Samsung phone was in possession of Oklahoma City Police Department found the items sought to be tested were nonexistent citing 22 O.S. § 1373.4(A)(3). This finding is objectively unreasonable in light that the phone contains biological material secured in this investigation. The State Court's actions and the statutory provisions provide inadequate constitutional access to DNA evidence that can be subjected to testing.

Plaintiff's request will only be ordered if the court finds a reasonable probability that the Movant would not have been convicted if favorable results had been obtained through DNA testing at the time of the original prosecution. Plaintiff argued in state court that that a reasonable probability has defined in *United States v. Bagley*, 473 US 667, 105 (1985) as evidence sufficient to "undermine confidence" in the outcome of the proceeding.

While favorable results of DNA would certainly alter the jury's determination or the charging power of the State, § 1373.4 provides an unconstitutional discretionary mechanism for the State Court to deny relief rendering the state procedure constitutionally inadequate for access to the DNA evidence. Whether it is biological evidence, biological material, or any biological evidence or material that can be obtained from any other evidence creates a presumption of entitlement under the statute to DNA testing. A state court cannot arbitrarily determine there would be no reasonable probability that the outcome of the proceedings would have been different as 22 O.S. § 1373.4(A)(1) provides:

> A. After the motion requesting forensic DNA testing and subsequent response have been filed, the sentencing court shall hold a hearing to determine whether DNA forensic testing will be ordered. A court shall order DNA testing only if the court finds:
>
> 1. A reasonable probability that the Plaintiff would not have been convicted if favorable results had been obtained through DNA testing at the time of the original prosecution;
>
> 2. The request for DNA testing is made to demonstrate the innocence of the convicted person and is not made to unreasonably delay the execution of the sentence or the administration of justice;
>
> 3. One or more of the items of evidence the convicted person seeks to have tested still exists;
>
> 4. The evidence to be tested was secured in relation to the challenged conviction and either was not previously subject to DNA testing or, if previously tested for DNA, the evidence can be subjected to additional DNA testing that will provide a reasonable likelihood of more probative results; and
>
> 5. The chain of custody of the evidence to be tested is sufficient to establish that the evidence has not been substituted, tampered with, replaced or altered in any material respect or, if the chain of custody does not establish the integrity of the

> evidence, the testing itself has the potential to establish the integrity of the evidence. For purposes of this act, evidence that has been in the custody of law enforcement, other government officials or a public or private hospital shall be presumed to satisfy the chain-of-custody requirement of this subsection absent specific evidence of material tampering, replacement or alteration.

Plaintiff states the provisions set forth under 22 O.S.2013 § 1373.2(A) (1-5) established a legislative intent for persons eligible for seeking DNA testing which provides:

> A. Notwithstanding any other provision of law concerning post-conviction relief, a person convicted of a violent felony crime or who has received a sentence of twenty-five (25) years or more and who asserts that he or she did not commit such crime may file a motion in the sentencing court requesting forensic DNA testing of any biological material secured in the investigation or prosecution attendant to the challenged conviction. Persons eligible for testing shall include any and all of the following:
>
> 1. **Persons currently incarcerated, civilly committed, on parole or probation or subject to sex offender registration;**
>
> 2. **Persons convicted on a plea of not guilty, guilty or nolo contendere**;
>
> 3. **Persons deemed to have provided a confession or admission related to the crime, either before or after conviction of the crime; and**
>
> 4. **Persons who have discharged the sentence for which the person was convicted.**

Plaintiff argues because of the wide sweeping language used in the "Post-Conviction DNA Act" under the above referenced provision 22 O.S. § 1373.2(A) (1-5) limiting access to DNA evidence when a Plaintiff meets the threshold requirements is an unconstitutional denial of due process. The statutes giving the court discretion to make determinations under 22 O.S. § 1373.4(A)(1) provides an unconstitutional access to

evidence. Plaintiff is entitled to access the biological material secured in the investigation for purposes of demonstrating factual innocence.

**VIII.     RELIEF REQUESTED**

Plaintiff requests access to the Samsung cell phone, by transferring the chain of custody to the "DNA reference lab" at 5819 NW Loop 410, San Antonio, TX 78238 and delivered to Dr. Salih. After testing is complete custody of the evidence will be transferred back to the current custodian. This relief should be granted without delay.

**IX.     EXHAUSTION OF STATE COURT REMEDIES**

Plaintiff has sought relief in the State Courts with that relief being denied. There is no other remedy which exists at law.

**X.     CERTIFICATION AND CLOSING**

I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Respectfully Submitted,

/s/ DEBRA K. HAMPTON
DEBRA K. HAMPTON, OBA # 13621
Hampton Law Office, PLLC
3126 S. Blvd., # 304
Edmond, OK 73013
(405) 250-0966
(866) 251-4898 (fax)
hamptonlaw@cox.net
Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

   I hereby certify that on this 25th day of March, 2019, I served the attached document by mailing to the Plaintiff as he is not registered participants of the ECF System:

Elbryan D. Neal # 500033
CCF
3200 S. Kings Highway
Cushing, OK 74023

                /s/ DEBRA K. HAMPTON
                DEBRA K. HAMPTON