IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ELBRYAN DEAMBRE NEAL,<br><br>     Plaintiff,<br>v.<br><br>DAVID PRATER, District Attorney for the Seventh Judicial District of Oklahoma; and in his individual capacity,<br><br>     Defendants. | Case No: 19-cv-277-SLP |

**DEFENDANT'S REPLY TO PLAINTIFF'S
RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Defendant, David Prater, by and through Assistant Attorney General Lexie P. Norwood, respectfully submits his Reply to Plaintiff's Response [Doc. 19] to Defendant's Motion to Dismiss [Doc. 16]. In support of this Reply, Defendant states as follows:

**1. PLAINTIFF'S CLAIMS ARE BARRED BY THE *ROOKER-FELDMAN*[1] DOCTRINE.**

Although Plaintiff alleges the relief sought here "clearly attacks no state court ruling," any injunction by this Court would be overturning the State Court ruling in this case. *See* [Doc. 19 at 4]. Plaintiff has already asked the District Court for relief by requesting testing of the DNA evidence. That Court denied Plaintiff's request and the Oklahoma Court of Criminal Appeals affirmed the District Court's decision.

---

[1]Plaintiff attempts to argue Defendant "concedes" Plaintiff's claims are not barred by the *Rooker-Feldman* Doctrine in his Motion to Dismiss. *See* [Doc. 19 at 4]. However, as is customary in the legal field, Defendant offers additional propositions in its Motion to Dismiss as alternative legal theories and defenses, not concessions that other propositions should fail.

Plaintiff now seeks an injunction contrary to the District Court's decision, requesting that this Court provide access to the DNA evidence the District Court and Court of Appeals has already denied. Although Plaintiff attempts to claim an injunction will not overturn the District Court and Court of Appeals rulings, that is exactly what an injunction will accomplish in this case.

Now Plaintiff alleges "that after favorable results of DNA testing will further establish a new factual predicate to raise a violation under *Brady*…" [Doc. 19 at 5]. This allegation in and of itself implies Plaintiff's conviction is invalid. As such, this claim should be barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2264. That case concerned a prisoner who brought a § 1983 action, alleging that he had been unlawfully investigated, arrested, tried, and convicted. The Supreme Court held that § 1983 was not an available remedy because any award in the plaintiff's favor would "necessarily imply" the invalidity of his conviction. *Id*. at 487. Further, § 1983 should not "expand opportunities for a collateral attack." *Id* at 477. Therefore, Plaintiff's claims should be dismissed.

## 2. PLAINTIFF FAILS TO SHOW ANY CONSTITIONAL VIOLATION.

Plaintiff believes Defendant's interpretation that he believes the District Court was "wrong by determining" the items were not swabbed for DNA is inaccurate. [Doc. 19 at 6]. However, Plaintiff *did* allege that the District Court "finding is objectively unreasonable." [Doc. 11 at 8]. Whether "wrong" or "objectively unreasonable," it is an attack on the District Court's ruling. Further, Plaintiff alleges only that Plaintiff has a liberty interest. Plaintiff fails to show any actual fourteenth amendment violation.

Plaintiff's allegations include only conclusory statements that the statute is unconstitutional. As such, Plaintiff's claims should be dismissed.

## 3. PLAINTIFF FAILS TO SHOW DEFENDANT PERSONALLY PARTICIPATED IN ANY ALLEGED CONSTITONAL VIOLATION.

Plaintiff seems to insinuate Defendant is evading discussing the distinction in individual capacity claims. [Doc. 19 at 7]. However, Proposition III in Defendant's Motion to Dismiss [Doc. 16] does just that. In order for a person acting under color of state law to be liable under § 1983, there must be a showing of personal participation in the alleged rights deprivation; there is no *respondeat superior* liability under § 1983. 42 U.S.C. § 1983; *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183 (10th Cir. 2003). Plaintiff fails to make any showing or accusations against Defendant to show he personally participated in any alleged constitutional violation. Therefore, Plaintiff's claims should be dismissed.

## CONCLUSION

For the reasons set forth herein, Defendant respectfully requests this Court dismiss Plaintiff's Amended Complaint.

Respectfully submitted,

/s/Lexie P. Norwood
**LEXIE P. NORWOOD, OBA #31414**
Assistant Attorney General
Oklahoma Attorney General's Office
Litigation Division
313 NE 21st Street
Oklahoma City, OK 73105
Telephone:  (405) 521-3921
Facsimile:   (405) 521-4518
Email: lexie.norwood@oag.ok.gov
*Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 11th day of July 2019, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Debra K. Hampton
Hampton Law Office, PLLC
3126 S. Blvd., #304
Edmond, OK 73013
Email: hamptonlaw@cox.net
*Attorney for Plaintiff*

              /s/Lexie P. Norwood
              **Lexie P. Norwood**