# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ELBRYAN DEAMBRE NEAL, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-19-277-SLP |
| DAVID PRATER, as district attorney for the Seventh Judicial District of Oklahoma, and in his individual capacity, | ) |
| Defendant. | ) |

## O R D E R

Plaintiff Elbryan Deambre Neal filed this 42 U.S.C. § 1983 suit against David Prater, the district attorney for Oklahoma County. *See* Am. Compl., Doc. No. 11. Defendant filed a Motion to Dismiss [Doc. No. 16] based in Federal Rule of Civil Procedure 12(b)(6) which now is at issue. *See* Resp., Doc. No. 19; Reply, Doc. No. 20. Pursuant to 28 U.S.C. § 636, United States Magistrate Judge Bernard M. Jones issued a Report and Recommendation [Doc. No. 21], in which he recommended that (i) Plaintiff's claims be dismissed in part pursuant to the *Rooker-Feldman* doctrine[1] and (ii) the Court determine it lacks jurisdiction over Plaintiff's remaining challenges to state law upon screening pursuant to 28 U.S.C. § 1915A. *See* R&R, Doc. No. 21. Plaintiff thereafter filed an Objection [Doc. No. 22] to the R&R. The Court reviews de novo those portions of the

---

[1] *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

R&R to which Plaintiff made specific objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff is an inmate who was convicted of a number of crimes in state court. During the crime for which he was convicted, the perpetrator required the victim to transport him in her vehicle. He spoke on a cellular telephone while in the car. Later, a cellular telephone not belonging to the victim (referred to by Plaintiff as "the Samsung cell phone") was located in the vehicle. According to Plaintiff, "[p]rior to trial[,] the phone could have been swabbed for DNA analysis and compared to [a DNA] sample obtained from the passenger door of the victim's vehicle" that did not match Plaintiff's DNA, but the phone recovered from the victim's vehicle was not swabbed (and therefore any DNA present on the phone was not tested or compared). Am. Compl. 4, Doc. No. 11. Plaintiff offered an alibi defense at trial that the jury rejected. He now asserts that "[t]esting biological evidence [from the cellular telephone] would corroborate Plaintiff's alibi defense and establish [the] truthfulness of the Plaintiff." *Id.* at 5. Plaintiff's eventual goal (but not his goal in the current lawsuit, in which he seeks only the Samsung phone to allow DNA testing) is for his conviction to be overturned. *See* Resp. 5, Doc. No. 19.

After his convictions were affirmed by the Oklahoma Court of Criminal Appeals, Plaintiff sought DNA testing of three items in state court: "(1) DNA evidence collected from the Samsung cell phone; (2) the Samsung cell phone itself; and (3) a swab taken from a seat lever in the victim's car." Order, *Neal v. Oklahoma*, No. CF-2013-1319 (Okla. Cty.

Oct. 31, 2018), Doc. No. 1-1.[2] The state trial court determined that the first and third items did not exist, so they could not be tested. *See id.* Plaintiff did not challenge the non-existence of pre-collected DNA evidence on appeal; nor does he challenge it in this case. The state trial court denied his request for new collection of DNA evidence from the cellular phone via application of Okla. Stat. 22, §§ 1373.2 and 1373.4, and that decision was affirmed by the Oklahoma Court of Criminal Appeals. Specifically, the state trial court and the state appellate court found that Plaintiff did not satisfy requirements for postconviction DNA testing found in § 1373.4(A)(1) and (A)(5). That statute, part of Oklahoma's postconviction DNA testing laws, states in relevant part:

> A court shall order DNA testing only if the court finds:
> 1. A reasonable probability that the petitioner would not have been convicted if favorable results had been obtained through DNA testing at the time of the original prosecution;
> 2. The request for DNA testing is made to demonstrate the innocence of the convicted person and is not made to unreasonably delay the execution of the sentence or the administration of justice;
> 3. One or more of the items of evidence the convicted person seeks to have tested still exists;
> 4. The evidence to be tested was secured in relation to the challenged conviction and either was not previously subject to DNA testing or, if previously tested for DNA, the evidence can be subjected to additional DNA testing that will provide a reasonable likelihood of more probative results; and

---

[2] Three of Plaintiff's exhibits [Doc. Nos. 1-1, 1-2, and 1-3] were attached to his Complaint, but not to his Amended Complaint. They are still referred to in the Amended Complaint, and the failure to resubmit them as part of Plaintiff's second pleading seems to have been accidental. The Court finds these exhibits to be incorporated by reference into the Amended Complaint such that the Court may consider them herein. *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384-85 (10th Cir. 1997). Moreover, the Oklahoma County District Court order [Doc. No. 1-1] and the Oklahoma Court of Criminal Appeals order [Doc. No. 1-3] are documents of which the Court may take judicial notice. *See St. Louis Baptist Temple, Inc. v. FDIC*, 605. F.2d 1169, 1172 (10th Cir. 1979).

3

> 5. The chain of custody of the evidence to be tested is sufficient to establish that the evidence has not been substituted, tampered with, replaced or altered in any material respect or, if the chain of custody does not establish the integrity of the evidence, the testing itself has the potential to establish the integrity of the evidence. For purposes of this act, evidence that has been in the custody of law enforcement, other government officials or a public or private hospital shall be presumed to satisfy the chain-of-custody requirement of this subsection absent specific evidence of material tampering, replacement or alteration.

Okla. Stat. tit. 22, § 1373.4(A).

Plaintiff then filed the instant lawsuit in this Court, in which he purports to "attack[] the constitutionality of Oklahoma's post-conviction DNA testing statutes and the adequacy of access to biological material" and "requests access to the Samsung cell phone" to allow him to perform his own DNA testing on any biological material that can be newly collected from it. Am. Compl. 7, 14, Doc. No. 11.

The state trial court, as affirmed by the Oklahoma Court of Criminal Appeals, determined that Plaintiff did not meet the requirements of § 1373.4(A) for statute-based DNA testing. To the extent that Plaintiff's current action asks this Court to find that Plaintiff does, in fact, meet the statute's requirements, his action is barred by the *Rooker-Feldman* doctrine.[3] *See Pickens v. Kunzweiler*, No. 15-CV-504-JHP-PJC, 2016 WL 1651821, at *3-4 (N.D. Okla. Apr. 25, 2016). Put simply, the state court denied Plaintiff's request for access to certain evidence for testing based on § 1373.4(A), and Plaintiff now asks this Court to require that he have access pursuant to § 1373.4(A) to the same evidence

---

[3] The state court action at issue for *Rooker-Feldman* purposes is not Plaintiff's conviction (subsequently affirmed), but the denial of Plaintiff's request for postconviction DNA testing pursuant to § 1373.4 (likewise subsequently affirmed, but in a separate appeal).

4

for the same testing he was denied in state court. This request falls within the *Rooker-Feldman* doctrine's scope of "cases brought by state-court losers inviting district court review and rejection of the state court's judgments." *Skinner v. Switzer*, 562 U.S. 521, 532 (2011) (quotation marks and citation omitted); *see also Erlandson v. Northglenn Mun. Ct.*, 528 F.3d 785, 789 (10th Cir. 2008) ("[A] complaint filed in a federal district court that seeks review and reversal of a state-court judgment is properly dismissed under Rooker-Feldman.").

Plaintiff relies on *Skinner* to argue otherwise. The Court recognizes that *Skinner* found the *Rooker-Feldman* doctrine inapplicable in a postconviction DNA testing case brought via § 1983 action. But it involves, in part, different circumstances than are present here. In *Skinner*, the plaintiff was "not challeng[ing] the adverse [Texas Court of Criminal Appeals] decisions themselves," but instead "the Texas [postconviction DNA testing] statute they authoritatively construed," which he alleged to be unconstitutional. *Skinner*, 562 U.S. at 532. In determining whether the *Rooker-Feldman* doctrine applies, "a state-court decision is not reviewable by lower federal courts, but a statute or rule governing the decision may be challenged in a federal action." *Id.* The § 1983 challenge in *Skinner* fell into the latter category. This case is, at least in part, in the former category because Plaintiff directly challenges the state court's decision to deny Plaintiff access to certain physical evidence for DNA testing under the state's statutory scheme for making such determinations. *See* Am. Compl., Doc. No. 11.

Plaintiff faults Judge Jones for "not discuss[ing] the evidence that Plaintiff presented [with his Amended Complaint] in support of his request for DNA testing to demonstrate

the chain of custody [as required by § 1373.4(A)(5)] was sufficient." Obj. 3, Doc. No. 22. This evidence was not provided to the state courts who were first tasked with applying § 1373.4, and Plaintiff indicates no reason why such evidence was not or could not have been submitted in the state court postconviction action. In essence, Plaintiff asks the Court to reconsider the state court's decision based on new evidence. But the appropriate place to request such reconsideration is state court, to the extent allowed by applicable rules and statutes. In this Court, consideration of such evidence in relation to § 1373.4(A) remains barred by *Rooker-Feldman*. *See Keeley v. Eller*, No. 2:18-cv-1355, 2018 WL 6582785, at *3 (S.D. Ohio Dec. 14, 2018); *Bobrowsky v. Yonkers Courthouse*, 777 F. Supp. 2d 692, 707 & n.20 (S.D.N.Y. 2011). In addition, because application of the *Rooker-Feldman* doctrine is jurisdictional and a conclusion in Plaintiff's favor based on the new evidence he submits would still result in a reversal of the state court decision, the Court lacks jurisdiction to consider the new evidence in relation to Plaintiff's ability to meet the requirements of § 1373.4(A). *See Children of Mindy Hardway v. Dep't of Health & Human Res.*, No. 2:09-cv-1150, 2010 WL 148082, at *1 (S.D.W. Va. Jan. 11, 2010). The evidence does not come into play regarding Plaintiff's procedural or substantive due process claims discussed *infra*.

Plaintiff also asserts in his Complaint that this Court should order the Samsung phone be made available to him for DNA testing notwithstanding his failure to meet the requirements of § 1373.4(A) based on freestanding arguments rooted in due process.[4]

---

[4] In the R&R, the magistrate judge determined that Plaintiff's broader, due-process-based argument failed because the Court would be without "authority to order an injunction

According to Plaintiff, "limiting access to DNA evidence [based on a party's failure to meet the requirements of § 1373.4(A)] when [he] meets the threshold requirements [for postconviction DNA testing included in § 1373.2] is an unconstitutional denial of due process." Am. Compl. 14, Doc. No. 11. There are two possible ways by which Plaintiff could succeed in such a claim: procedural due process and substantive due process. Both avenues fail. "The Supreme Court has rejected the idea that individuals who have been convicted of crimes have a substantive due process right to access DNA evidence." *Pickens*, 2016 WL 1651821, at *3 (discussing *Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 72-74 (2009)). Said differently, "there is no *freestanding* constitutional right to access evidence for DNA testing, and . . . the federal courts may only upset a state's postconviction DNA access procedures if they are fundamentally inadequate to vindicate substantive rights." *Alvarez v. Attorney Gen.*, 679 F.3d 1257, 1258-59 (11th Cir. 2012). Plaintiff's substantive due process claim fails to state a claim upon which relief can be granted.

---

directing Defendant to grant Plaintiff access to the Samsung cellphone for DNA testing" based on the necessity that Plaintiff meet the requirement in § 1373.4(A)(5). R&R 7, Doc. No. 21. The Court disagrees because if Plaintiff could succeed on his due process challenge to the requirements of § 1373.4(A), the Court would have authority to grant Plaintiff access to the Samsung phone notwithstanding Plaintiff's inability to meet the requirement in § 1373.4(A)(5). *See Skinner*, 562 U.S. at 525 ("[A] postconviction claim for DNA testing is properly pursued in a § 1983 action. Success in the suit gains for the prisoner only access to the DNA evidence, which may prove exculpatory, inculpatory, or inconclusive."). *But see id.* at 537 n.1 (Thomas, J., dissenting) (describing the "premise that the requested relief—DNA testing—would be available in a procedural due process challenge" as "questionable"). The Court therefore declines to adopt that part of the R&R and addresses this portion of Plaintiff's Complaint and Defendant's arguments for dismissal of the same. The Court finds that returning this case in part to the magistrate judge is unnecessary.

Procedural due process in the postconviction DNA testing realm was addressed by the U.S. Supreme Court in *Osborne*, when it determined that Alaska law provided adequate procedures to those who, postconviction, sought access to DNA evidence. Assuming that Oklahoma law creates a liberty interest in Plaintiff being allowed access to the evidence he seeks in order to perform postconviction DNA testing, the Court finds that the procedures imposed by Okla. Stat. tit. 22, §§ 1373-1373.7 at least pass due-process muster. Plaintiff's procedural due process challenge could succeed only if the statutory procedure for postconviction DNA testing "offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental or transgresses a[] recognized principle of fundamental fairness in operation." *Osborne*, 557 U.S. at 69 (quotation marks and citation omitted). "Federal courts may upset a State's postconviction relief procedures only if they are fundamentally inadequate to vindicate the substantive rights provided" by state statute. *Id.* Clearing the bar set by *Osborne* is difficult, as demonstrated by the fact that "[e]very court of appeals to have applied the *Osborne* test to a state's procedure for postconviction DNA testing has upheld the constitutionality of it." *Cromartie v. Shealy*, ---- F.3d ----, No. 19-14268, 2019 WL 5588745, at *5 (11th Cir. Oct. 30, 2019) (collecting cases from the First, Second, Ninth, and Eleventh Circuits). Having examined Oklahoma's statutes and considered Plaintiff's governing pleading and arguments, the Court finds that the *Osborne* standard for a due process violation has not been met in this case. At a minimum, Oklahoma's procedures are on par with the procedures found to pass constitutional muster in *Osborne*. *Compare, e.g., Osborne*, 557 U.S. at 69-70, *with* Okla. Stat. tit. 22, § 1373.2(A) (extending the reach of Oklahoma's postconviction DNA testing

laws to any "person convicted of a violent felony crime or who has received a sentence of twenty-five (25) years or more and who asserts that he or she did not commit such crime" and who otherwise satisfies statutory requirements); *id.* (including, among others, "[p]ersons currently incarcerated, civilly committed, on parole or probation or subject to sex offender registration," "[p]ersons convicted on a plea of not guilty, guilty or nolo contendere," and "[p]ersons deemed to have provided a confession or admission related to the crime, either before or after conviction of the crime" in the list of those who may seek postconviction DNA testing if they otherwise satisfy statutory requirements); *id.* § 1373.3 (providing a procedure for appointment of counsel for pro se litigants seeking postconviction DNA testing); *id.* § 1373.4(A) (requiring that "the sentencing court . . . hold a hearing to determine whether DNA forensic testing will be ordered" once threshold statutory requirements are met); *id.* § 1373.4(D) (allowing the state court to require testing be completed by the Oklahoma State Bureau of Investigation at the State's expense); *id.* § 1373.5(A) (allowing for a variety of orders, including "setting aside or vacating the judgment of conviction" and for new trial, based on the DNA testing results); *and id.* § 1373.7 (allowing for appeal of a state trial court order regarding postconviction DNA testing). *See Pickens*, 2016 WL 1651821, at *4.[5] Plaintiff accordingly fails to state a claim based in procedural due process.

---

[5] The Court does not reach Defendant's alternative arguments, such as whether Plaintiff adequately alleges Defendant's personal participation in the actions at issue or whether claims asserted against Defendant in his individual capacity are subject to dismissal. *See* Mot. 2 n.1, 8-9, Doc. No. 16. Nor does the Court understand Plaintiff's passing reference to a different state court case involving a different criminal defendant, which Plaintiff fails to connect to the instant case. *See* Obj. 7, Doc. No. 22. To the extent Plaintiff alleges

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 21] is ADOPTED IN PART by the Court, and Plaintiff's Objection thereto [Doc. No. 22] is OVERRULED.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss [Doc. No. 16] is GRANTED and Plaintiff's § 1983 claims are DISMISSED WITH PREJUDICE. A separate judgment will be entered contemporaneous herewith.

IT IS SO ORDERED this 15th day of November, 2019.

*[signature]*

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

Defendant's decision to support postconviction DNA testing in a different criminal case—the facts of which are wholly unknown based on Plaintiff's brief—supports any of his arguments in this case, the Court does not find Plaintiff's undeveloped argument to be persuasive.